**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JAIME R. HERNANDEZ, #50145,**

        **Petitioner,**

**v.**                                                    **2:05CV403**

**JUDITH WILLIAMS JAGDMANN,**
**ATTORNEY GENERAL OF THE COMMONWEALTH**
**OF VIRGINIA,**

        **Respondent.**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter was initiated by petition for writ of habeas corpus under 28 U.S.C. § 2254. The matter was referred to the undersigned United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 28 of the Rules of the United States District Court for the Eastern District of Virginia.

### I.   STATEMENT OF THE CASE

#### A.   Background

On May 4, 2001, in the General District Court of Arlington County, Virginia, petitioner was convicted pursuant to a guilty plea of assault and was sentenced to serve five months imprisonment. Petitioner did not appeal his conviction. On May 25, 2005, petitioner filed a petition for writ of habeas corpus in the Supreme Court of Virginia, but the petition was dismissed on June 24, 2005, pursuant to the statute of limitations.

On June 28, 2005, petitioner filed a petition for writ of habeas corpus in federal court, and on August 30, 2005, respondent filed

a motion to dismiss and Rule 5 answer. The matter is now ripe for consideration.

### B. Grounds Alleged

Petitioner alleges the following grounds:

1. Petitioner's guilty plea was unknowing and involuntary because he did not realize that as a result of the conviction he could be deported;

2. Defense counsel's failure to notify petitioner of the possible consequences of his plea violated petitioner's rights to due process and effective assistance of counsel.

## II. FINDINGS OF FACT AND CONCLUSIONS OF LAW

### A. Motion to Dismiss Standard

In ruling on a motion to dismiss for failure to state a claim upon which relief can be granted, the complaint is construed in the light most favorable to the plaintiffs and their allegations are taken as true. See Brower v. County of Inyo, 489 U.S. 593, 598 (1989)(citing Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)); Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). The complaint should not be dismissed unless it appears to a certainty that the plaintiff can prove no facts in support of his claim which would entitle him to relief. See Conley v. Gibson, 355 U.S. 41, 45-46 (1957); GE Inv. Private Placement Partners II v. Parker, 247 F.3d 543, 548 (4th Cir. 2001); Martin Marietta Corp. v. Int'l Telecomms. Satellite Org., 991 F.2d 94, 97 (4th Cir. 1993). The courts must construe the complaint liberally in favor of the plaintiffs, even if recovery appears remote and unlikely. In ruling on a 12(b)(6) motion, the court primarily considers the allegations in the complaint but may consider attached exhibits and documents incorporated by reference. See

Simons v. Montgomery County Police Officers, 762 F.2d 30, 31 (4th Cir. 1985); Wolford v. Budd Co., 149 F.R.D. 127, 129-32 (W.D. Va. 1993).

### B. Standard of Review for State Court Findings

The federal statute regarding review of state court habeas corpus actions provides that:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(2000).

This standard, adopted by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub.L.No. 104-132, is consistent with the Fourth Circuit's interpretation of 28 U.S.C. § 2254(d) prior to the passage of the new law. In Fields v. Murray, 49 F.3d 1024 (4th Cir. 1995), the court held that a review of a state court finding, which is entitled to a presumption of correctness, compels the habeas court to accord a high measure of deference to the state court. See id. at 1032-33 (citing Rushen v. Spain, 464 U.S. 114, 120 (1983); Sumner v. Mata, 455 U.S. 591, 598 (1982)). As stated in Marshall v. Lonberger, 459 U.S. 422 (1983), "[t]his deference requires that a federal habeas court more than simply disagree with the state court before rejecting its factual determinations. Instead, it must conclude that the state court's findings lacked even 'fair [] support' in the record." Id. at 432.

3

### C.  Petitioner's Claims are Exhausted and are Subject to Federal Review.

The exhaustion requirement dictates that a petitioner must first present his claims for relief to state courts before a petition for habeas corpus may be granted by the federal courts.

> (b)(1)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that--
>
>   (A)  the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)(i)  there is an absence of available State corrective process; or
>
>     (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> . . . .
>
>   (c)  An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)-(c)(2000).

A claim raised in a federal petition for writ of habeas corpus must be the same claim as that presented in state proceedings. See Picard v. Connor, 404 U.S. 270, 275-76 (1971); Pitchess v. Davis, 421 U.S. 482, 487 (1975); Joseph v. Angelone, 184 F.3d 320, 325 (4th Cir. 1999); Beck v. Angelone, 113 F. Supp.2d 941, 960-61 (E.D. Va. 2000); see also Anderson v. Harless, 459 U.S. 4, 6 (1982); Duncan v. Henry, 513 U.S. 364, 365 (1995); Satcher v. Pruett, 126 F.3d 561, 573 (4th Cir. 1997).  Respondent concedes, and the Court agrees, that petitioner's claims are exhausted.

### **C. This Court Lacks Jurisdiction Over Petitioner's Claims.**

In order for this Court to have jurisdiction to hear petitioner's claim, petitioner must currently be in custody pursuant to the "conviction or sentence under attack." Maleng v. Cook, 490 U.S. 488, 490 (1989). The Court went on to say that "once the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it." Maleng, 490 U.S. at 492. Similarly, the Fourth Circuit has noted that deportation is "only a collateral consequence of the sentence [that is] beyond the reach of the constitutional protection." Strader v. Garrison, 611 F.2d 61, 64 (4th Cir. 1979)(citing United States v. Sambro, 454 F.2d 918 (D.C. Cir. 1971)).

Petitioner seeks a reduction in the sentence he received for his conviction in the Arlington County General District Court in order for the conviction not to be considered an aggravated felony under immigration law. However, petitioner has already served the sentence imposed by the General District Court and is no longer in state custody. Therefore, this Court does not have jurisdiction to address the constitutionality of the expired sentence, and the petition should be DISMISSED.

The Court notes that even if it had the jurisdictional ability to rule on petitioner's claims, a reduction of his sentence would not achieve what petitioner seeks. The Immigration and Nationalization Act allows for deportation of any alien convicted of a "crime for which a sentence of one year or longer may be imposed." 8 U.S.C. § 1227(a)(2)(A)(1)(II). Therefore, even if petitioner's sentence were

reduced, his conviction would nevertheless fall into this category. Petitioner claims that his deportation is predicated on an "aggravated felony" conviction under 8 U.S.C. § 1227(a)(2)(A)(iii). Petitioner was convicted of a Class 1 misdemeanor in violation of section 18.2-57, of the Virginia Code. If petitioner feels that his confinement is a result of an erroneous classification of his conviction, he should petition the Court to review his confinement, not his conviction, pursuant to 28 U.S.C. § 2241(c)(3).

### III. RECOMMENDATION

For the foregoing reasons, the Court recommends that petitioner's petition for writ of habeas corpus be DISMISSED and respondent's motion to dismiss be GRANTED. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, it is recommended that the Court decline to issue any certificate of appealability pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure. See Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003).

### IV. REVIEW PROCEDURE

By copy of this Report and Recommendation, the parties are notified that pursuant to 28 U.S.C. § 636(b)(1)(C):

1. Any party may serve upon the other party and file with the Clerk written objections to the foregoing findings and recommendations within ten days from the date of mailing of this report to the objecting party, computed pursuant to Rule 6(a) of the Federal Rules of Civil Procedure, plus three days permitted by Rule 6(e) of said rules. See 28 U.S.C. § 636(b)(1)(C)(2000); FED.R.CIV.P. 72(b). A party may respond to

another party's objections within ten days after being served with a copy thereof.

    2. A district judge shall make a <u>de novo</u> determination of those portions of this report or specified findings or recommendations to which objection is made.

    The parties are further notified that failure to file timely objections to the findings and recommendations set forth above will result in waiver of right to appeal from a judgment of this court based on such findings and recommendations. <u>See</u> <u>Thomas v. Arn</u>, 474 U.S. 140 (1985); <u>Carr v. Hutto</u>, 737 F.2d 433 (4th Cir. 1984); <u>United States v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

                                                                                 /s/
                                                **James E. Bradberry**
                                                **United States Magistrate Judge**

**Norfolk, Virginia**

    **October 18**, **2005**

<u>Clerk's Mailing Certificate</u>

     A copy of the foregoing Report was mailed this date to each of the following:

     Jaime R. Hernandez, #50145, <u>pro</u> <u>se</u>
     Pamunkey Regional Jail
     P.O. Box 485
     Hanover, VA  23069


     Michael T. Judge, Esquire
     Assistant Attorney General of Virginia
     900 E. Main Street
     Richmond, VA  23219


                       Elizabeth H. Paret, Clerk


              By _____
                        Deputy Clerk

                 _____, 2005