**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**Norfolk Division**

**JAIME R. HERNANDEZ, #50145,**

        **Petitioner,**

**v.**                        **2:05CV403**

**JUDITH WILLIAMS JAGDMANN,**
**ATTORNEY GENERAL OF THE COMMONWEALTH**
**OF VIRGINIA,**

        **Respondent.**

## FINAL ORDER

This matter was initiated by petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition alleges violation of federal rights pertaining to petitioner's convictions on May 4, 2001, in the Circuit Court of Arlington County, Virginia, for assault, as a result of which he was sentenced to serve five months in the Virginia penal system.

The matter was referred to a United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b)(1)(B) and (C) and Rule 29 of the Rules of the United States District Court for the Eastern District of Virginia for report and recommendation. The Magistrate Judge filed his report recommending dismissal of the petition on October 18, 2005. By copy of the report, each party was advised of his right to file written objections to the findings and recommendations made by the Magistrate Judge. The Court received from petitioner on October 26, 2005, objections to the report, which was filed "Subject to Defect," due to petitioner's failure to sign the pleading. By Order of November 15, 2005, petitioner was directed to sign and resubmit the objections with

his signature. On December 1, 2005, petitioner resubmitted the objections with an original signature affixed thereto.

The Court, having reviewed the record and examined the objections filed by the petitioner and having made de novo findings with respect to the portions objected to, does hereby adopt and approve the findings and recommendations set forth in the Report of the United States Magistrate Judge filed October 18, 2005. It is, therefore, ORDERED that the petition be DENIED and DISMISSED on the basis of lack of jurisdiction and that judgment be entered in respondent's favor.

To the extent that petitioner objects to the Magistrate Judge's findings that he was sentenced to serve five months, the objection is without merit. The Magistrate Judge's statement reflects a sentence of twelve months, shortened by the fact that seven of the twelve months were suspended. Therefore, the Magistrate Judge's statement is correct.

To the extent that petitioner objects to the Magistrate Judge's failure to address petitioner's motion to respond to respondent's motion to dismiss and motion to correct and request appointment of counsel, his objection is understandable. However, the motion in response to the motion to dismiss addresses the circumstances of petitioner's plea, a matter made irrelevant by the lack of jurisdiction in this Court. Likewise, the motion to correct has no bearing on the issues before the Court, when countered by the determination that there is no jurisdictional basis for petitioner to be in this Court.

To the extent that petitioner objects to the Magistrate Judge's general language addressing a motion to dismiss, the objection is without merit. The Magistrate Judge did not assert that the petition

should not be dismissed; he stated what the law is when a court is considering a motion to dismiss, as it has in this case.

To the extent that petitioner objects to the Magistrate Judge's conclusion that the Court has no jurisdiction to address the matters raised herein, the objection is without merit. This case contains absolutely no evidence of any failure by any court to follow due process. Petitioner was not compelled to enter a guilty plea, and his Sixth Amendment issues are now beyond the Court's ability to deal with them. Petitioner was tried, pled guilty, found guilty, sentenced to serve twelve months in jail, had seven of the twelve months suspended, and completed five months of service. Petitioner's case has been completed, and there is now no basis upon which this Court may inject itself into the affairs of the Commonwealth of Virginia to set aside, reduce, or modify, in any way, the offense for which petitioner was convicted or the sentence he received.

To the extent that petitioner asserts a need for a reduction in sentence, his objections to the Magistrate Judge's findings and conclusions are without merit. Title 8 U.S.C. 1227(a)(2)(ii), deals with convictions for a crime "for which a sentence of one year or longer may be imposed" and provides that an alien who is convicted of such an offense may be deported. In the statutory language, it is important to understand that the operative part is "may be imposed." The offense to which petitioner entered a guilty plea carried as a maximum sentence twelve months in jail. Petitioner was given twelve months to serve, but seven months was suspended, leaving five months to serve, a period of time which he satisfactorily completed. It is the potential length of time that the offense carries that gives the Department of Homeland

Security Citizenship and Immigration Services the authority to deport an individual.

Petitioner may appeal from the judgment entered pursuant to this Final Order by filing a written notice of appeal with the Clerk of this Court, United States Courthouse, 600 Granby Street, Norfolk, Virginia 23510, within thirty days from the date of entry of such judgment. Petitioner has failed to demonstrate "a substantial showing of the denial of a constitutional right." Therefore, the Court, pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, declines to issue a certificate of appealability. See <u>Miller-El v. Cockrell</u>, 123 S. Ct. 1029, 1039 (2003).

The Clerk shall mail a copy of this Final Order to petitioner and to counsel of record for the respondent.

/s/Rebecca Beach Smith
_____
**UNITED STATES DISTRICT JUDGE**

**Norfolk, Virginia**

**December 8, 2005**